UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD E. ROSS,

    Petitioner,                                         Civil Action No. 11-CV-12842

v.                                                 HON. BERNARD A. FRIEDMAN

THOMAS BIRKETT,

    Respondent.
                                 /

## **OPINION AND ORDER DISMISSING PETITION**

Petitioner is a state inmate currently incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the court shall dismiss the petition.

In two related cases, petitioner pled guilty in Crawford County Circuit Court to absconding or forfeiting bond and failure to register as a sex offender. He was sentenced on August 21, 2006, to 14 months to six years in prison on the absconding conviction and two to six years in prison on the failure to register conviction. Petitioner filed delayed applications for leave to appeal to the Michigan Court of Appeals in both cases. The Michigan Court of Appeals denied leave to appeal. *See People v. Ross*, Nos. 281562 & 281563 (Mich. Ct. App. Dec. 7, 2007). Petitioner filed applications for leave to appeal in the Michigan Supreme Court, which also denied leave to appeal. *See People v. Ross*, Nos. 135719 & 135866 (Mich. Apr. 28, 2008). Petitioner then filed a motion for relief from judgment in the trial court raising a single claim, namely, that he was never formally indicted. He states that the motion was denied but he has not sought leave to appeal the denial. In the pending habeas corpus petition, Petitioner raises the same claim raised in his motion for relief

from judgment.

Upon the filing of a habeas corpus petition, the court must determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994). As the petition in the instant matter does not present grounds which may establish the violation of a federal constitutional right, the petition must be dismissed.

Habeas claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA), which states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003), *quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable

application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), *quoting Williams*, 529 U.S. at 413. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the

3

principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). Additionally, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *See Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003)*; Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, petitioner failed to invoke one full round of appeals in state court because he did not file an application for leave to appeal from the trial court's denial of his motion for relief from judgment. A federal court may deny a habeas petition on the merits despite a petitioner's failure to exhaust state remedies for all his claims. *See* 28 U.S.C. § 2254(b)(2); *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991). As the claim in this matter does not warrant habeas corpus relief, the

court will address the claim rather than dismiss the petition on the ground of failure to exhaust. *See* 28 U.S.C. § 2254(b)(2); *Cain*, 947 F.2d at 819 (noting that when an unexhausted federal constitutional claim is plainly meritless, "it would be a waste of time and judicial resources to require exhaustion").

Petitioner argues that his conviction is unconstitutional because he was not formally indicted. "Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review." *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2003). The only constitution-based requirement is that "an indictment [have] sufficient information to provide petitioner with adequate notice and the opportunity to defend and protect himself against future prosecution for the same offense." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986). Any other allegations of deficiencies in an indictment "are solely matters of state law and so not cognizable in a federal habeas proceeding." *Id. See also Brown v. Jago*, 1991 WL 59938, at *3 (6th Cir. Apr. 19, 1991) (holding that imperfections in indictment did not violate due process because petitioner received sufficient notice to prepare a defense).

Petitioner sets forth only a conclusory assertion that he was not formally indicted. He does not allege that he lacked notice of the charges against him. This claim is not cognizable on habeas corpus review. *See Roe*, 316 F.3d at 570. The petition shall therefore be dismissed.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not disagree with the court's conclusion that the petition in this matter does not state a claim upon which habeas relief may be warranted. Therefore, the court shall not issue a certificate of appealability.

For the reasons stated above,

IT IS ORDERED that the petition in this matter is dismissed.

IT IS FURTHER ORDERED that no certificate of appealability shall be issued.

Dated: August 4, 2011                         s/Bernard A. Friedman
                                              BERNARD A. FRIEDMAN
                                              SENIOR UNITED STATES DISTRICT JUDGE

I certify that the foregoing document was sent to

Ronald E Ross
426284
Central Michigan Correctional Facility
320 N. Hubbard
St. Louis, Mi 48880

and the attorneys of record on August 4, 2011.

                                              s/Michael Williams
                                              Relief Case Manager